FILED

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE LANDS COUNCIL; HELLS CANYON PRESERVATION COUNCIL; LEAGUE OF WILDERNESS DEFENDERS-BLUE MOUNTAINS BIODIVERSITY PROJECT,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>UNITED STATES FOREST SERVICE,<br><br>        Defendant - Appellee,<br><br> And<br><br>ASOTIN COUNTY, a political subdivision of the State of Washington; AMERICAN FOREST RESOURCE COUNCIL, an Oregon nonprofit corporation,<br><br>        Intervenor-Defendants - Appellees. | No. 14-35176<br><br>D.C. No. 2:12-cv-00619-FVS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted February 2, 2015
Seattle Washington

Before: BEA and MURGUIA, Circuit Judges, and ORRICK, District Judge.[**]

This case concerns the U.S. Forest Service's South George Vegetation and Fuels Management Project, which is a small fuels treatment and commercial timber harvest project located within the Umatilla National Forest. Plaintiffs-appellants filed suit to enjoin the Project, arguing that the Project violated both the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600–1687, and the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4370h. The district court granted summary judgment in favor of the Forest Service on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"[A]gency decisions allegedly violating NFMA and NEPA are reviewed under the Administrative Procedure Act ('APA')." *Native Ecosystems Council v. U.S. Forest Serv.*, 428 F.3d 1233, 1238 (9th Cir. 2005). "Under the APA, we may set aside an agency decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)). We

---

[**] The Honorable William Horsley Orrick III, United States District Judge for the Northern District of California, sitting by designation.

2

independently review the district court's application of this standard. *See Earth Island Inst. v. U.S. Forest Serv.*, 697 F.3d 1010, 1013 (9th Cir. 2012).

First, plaintiffs-appellants argue that the Project is inconsistent with the Forest Plan, and therefore violates the NFMA, because the Project fails to retain 3 large snags per acre per dry forest unit. *See* 16 U.S.C. § 1604(i); *Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 850 (9th Cir. 2013) ("After a Forest Plan has been developed and implemented, the NFMA prohibits site-specific activities that are inconsistent with the governing Forest Plan."). The Forest Service concedes that some units within the Project area do not meet the 3-large-snag retention specification, but notes that the Project accounts for this deficiency by prohibiting harvest of large snags in these units and retaining smaller snags and large live trees that will one day turn into snags. The Forest Service's determination that these remedial measures comply with the Forest Plan's snag provisions was not arbitrary or capricious. *See Ecology Ctr. v. Castaneda*, 574 F.3d 652, 661 (9th Cir. 2009) (deferring to the Forest Service's reasonable interpretation of the Forest Plan's requirements).

Second, plaintiffs-appellants argue that the Project violates the NFMA because the Project's proposed tree removal in a Riparian Habitat Conservation Area fails to comply with the Forest Plan's timber management standard. *See* 16

3

U.S.C. § 1604(i); *Great Old Broads*, 709 F.3d at 850.  The Forest Service responds that the Project is not required to satisfy the Forest Plan's timber management standard because the Project meets the Forest Plan's fuels treatment standard instead.  Although the Project's plan documents are not a model of clarity, the documents contain multiple references to fuel management and the reduction of forest fires in connection with the proposed tree removal.  Therefore, we conclude that the Forest Service's reliance on the fuels treatment standard was not a post-hoc rationalization.  *See Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).

Additionally, the Forest Service's conclusion that the Project satisfies the fuels treatment standard was not arbitrary or capricious.  In reaching its conclusion, the Forest Service conducted extensive research about the tributary, George Creek, and its water temperature.  "Because analysis of scientific data requires a high level of technical expertise, [we] must defer to the informed discretion of the responsible federal agencies."  *Earth Island Inst. v. U.S. Forest Serv*., 351 F.3d 1291, 1301 (9th Cir. 2003).  Therefore, we hold that the Forest Service has complied with the NFMA in authorizing the South George Project.

Third, plaintiffs-appellants argue that the Forest Service violated the NEPA's hard-look requirement by excluding land within 300 feet of all forest

4

roads from wilderness area consideration.  See 42 U.S.C. § 4332; *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1047 (9th Cir. 2013) (holding that the NEPA's "hard look" requirement mandates "a 'full and fair discussion of significant environmental impacts' in the EIS" (quoting 40 C.F.R. § 1502.1)).  In the EIS, the Forest Service analyzed whether it should include the land within 300 feet of all forest roads as wilderness, as plaintiffs-appellants propose.  Because the Forest Service considered this alternative, it had the discretion to choose a different boundary-marker.  *See Earth Island Inst.*, 351 F.3d at 1301 ("'When specialists express conflicting views, an agency must have discretion to rely on the reasonable opinions of its own experts, even if a court may find contrary views more persuasive.'" (quoting *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989)).  Therefore, we conclude that the Forest Service has complied with the NEPA in authorizing the South George Project.

    **AFFIRMED**.